### CAFÉ UNION v. REORDAN.

(Supreme Court, Appellate Term. November 18, 1903.)

1. BILLS OF SALE—FRAUD—EVIDENCE.

Where bills of sale of personal property by a debtor contained no schedule of the property conveyed, and had been executed for a consideration of $1 on the day an action had ripened into a judgment against the grantor, a finding that the bills were tainted with fraud was proper.

2. EXECUTIONS—RELEASE OF LEVY—ACTS OF OFFICERS.

In an action against a city marshal for conversion of money accepted by him to release a levy, facts held to justify a judgment for defendant.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Café Union against John R. Reordan. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Herbert J. Hindes, for appellant.
Marcus Helfand, for respondent.

BLANCHARD, J. The defendant, having an execution against the property of one Lena Tragan, levied upon property which had formerly belonged to her, and which, at the time of the levy, plaintiff claimed by virtue of two assignments or bills of sale—one from Lena Tragan to Louis H. Steinhart, and the other from Steinhart to the plaintiff, a corporation of which Steinhart was president. These bills of sale have a taint about them, as no schedule of the property conveyed is attached, and having been made for the consideration of $1, and on the day the action was begun which ripened into the judgment and execution pursuant to which levy was made. When the marshal made the levy, he found Lena Tragan in charge of the place, and apparently running it. Before the defendant had removed the property on which he had levied, Steinhart appeared upon the scene and placed two $50 bills upon a table. The defendant testifies that he was notified to take the $100 in place of taking out the stuff; that he did so, and released the levy. The plaintiff brought this action for the alleged conversion of the $100 thus given to the defendant as marshal, and the trial court gave judgment for the defendant. Upon the law and the facts, we agree with the learned court below. The money

was undoubtedly placed upon the table for the purpose of having the defendant accept it and release the levy upon the property seized, and that is what was done.

The judgment must be affirmed, with costs. All concur.